Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, Texas 75242
(214) 767-8967

Asher Bublick
for the United States Trustee
asher.bublick@usdoj.gov

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | **CASE NO.    26-30498-sgj11** |
| | § | |
| **SHERMAN DE LLC,** | § | |
| | § | |
| *Debtor-in-Possession.* | § | |

### UNITED STATES TRUSTEE'S MOTION FOR (1) DISMISSAL UNDER 11 U.S.C. § 1112(b), OR, IN THE ALTERNATIVE, (2) ORDER DIRECTING APPOINTMENT OF A CHAPTER 11 TRUSTEE UNDER 11 U.S.C. § 1104

TO THE HONORABLE STACEY G. C. JERNIGAN, CHIEF UNITED STATES BANKRUPTCY JUDGE:

Lisa L. Lambert, the United States Trustee for Region 6 (the "**United States Trustee**"), moves for (1) Dismissal under 11 U.S.C. § 1112(b) or, in the alternative, (2) for an Order Directing Appointment of a Chapter 11 Trustee under 11 U.S.C. § 1104 (the "**Motion**"). The United States Trustee would show:

### OVERVIEW

The Debtor owns a hotel property in Sherman, Texas. The hotel is currently operating under the control of a state court-appointed receiver. Prior to the bankruptcy filing, a state court appointed a receiver to take control of the property to address significant operational and safety concerns, including fire risks, water leaks, and other public hazards at the hotel. The Debtor has not demonstrated that the property is adequately insured and is not currently in possession or control of the hotel, which remains under the receiver's management. Under these circumstances,

**UNITED STATES TRUSTEE'S MOTION FOR (1) DISMISSAL UNDER 11 U.S.C. § 1112(b), OR, IN THE ALTERNATIVE, (2) ORDER DIRECTING APPOINTMENT OF A CHAPTER 11 TRUSTEE UNDER 11 U.S.C. § 1104** **Page 1**

the Debtor cannot fulfill its fiduciary duties as a debtor-in-possession, and returning control of the property to the Debtor would place the estate and the public at risk. Accordingly, cause exists to dismiss this case under 11 U.S.C. § 1112(b).

In the alternative, the Court should appoint a chapter 11 trustee who is a duly authorized bankruptcy court fiduciary to administer these assets. The United States Trustee intends to seek an emergency setting for her Motion.

## JURISDICTION

This Court has subject matter jurisdiction under 28 U.S.C. § 1334, 28 U.S.C. § 157(a), and the standing order of reference. A motion to dismiss or appoint a chapter 11 trustee is a core matter. 28 U.S.C. § 157(b)(2)(A), (O).

## BACKGROUND

1.      Sherman De LLC (the "**Debtor**") filed a voluntary chapter 11 petition on February 2, 2026 (the "**Petition Date**"), commencing case no. 26-30498-sgj11 in the United States Bankruptcy Court for the Northern District of Texas. [ECF No. 1].

2.      The Debtor's petition is signed by Aziz Jamal ("**Mr. Jamal**") as President of the Debtor.

3.      The Debtor owns a hotel that operates as a Holiday Inn & Express Suites located at 2909 Michelle Drive, Sherman, Texas 75092 (the "**Property**").

4.      Prior to the Petition Date, the Debtor's Property located in Sherman, Texas had been placed into a state-court receivership after the Debtor defaulted under loan documents and failed to pay significant hotel occupancy taxes and franchise obligations. *See Secured Creditor's Motion Seeking Entry of an Order (I) Excusing Compliance by Receiver with 11 U.S.C. § 543; (II)*

*Ordering the Appointment of a Chapter 11 Trustee; and (III) Granting Related Relief* (the

"**Secured Creditor's Motion**") [ECF No. 17 at ¶¶ 2–5, 28–30].

5.      On October 24, 2025, the District Court of Grayson County, Texas entered an order

appointing Scott Crunk as receiver (the "**Receiver**" or "**Mr. Crunk**") for the Debtor's Property.

*See* Secured Creditor's Motion [ECF No. 17 at ¶ 30; ECF No. 17-17 at ¶ 5].

6.      The Receiver has remained in possession and control of the Property and its hotel

operations since his appointment. *See* Secured Creditor's Motion [ECF No. 17 at ¶¶ 30–33].

7.      The Debtor filed this chapter 11 case on the eve of foreclosure. *See* Secured

Creditor's Motion [ECF No. 17 at ¶ 33].

8.      The Debtor filed its schedules and statement of financial affairs ("**SOFA**") on

February 17, 2026. [ECF Nos. 13, 14] (respectively).

9.      On February 18, 2026, the secured creditor filed a motion seeking to excuse the

Receiver from compliance with 11 U.S.C. § 543 and requesting appointment of a chapter 11

trustee. *See Secured Creditor's Motion* [ECF No. 17].

10.     Among other exhibits, the Secured Creditor's Motion is supported by the

Declaration of the Receiver. [ECF No. 17-7].

11.     According to the Secured Creditor's Motion, prior to the appointment of a receiver:

   a.   The Debtor failed to pay more than $300,000 in city occupancy taxes, defaulted under its loan obligations, and was enjoined from accepting new guests after the City of Sherman obtained a temporary injunction based on safety concerns affecting hotel operations.

   b.   The Debtor's management also left the property in significant disrepair, including fire safety system deficiencies, roof and ceiling leaks, and other operational failures, which required the Receiver to expend tens of thousands of dollars to remediate.

   c.   In addition, the Debtor collected but failed to remit city occupancy taxes for over a year prior to the Receiver's appointment and allowed the property to become delinquent on franchise fee obligations.

*See Secured Creditor's Motion* [ECF No. 17 at ¶ 4]

12. According to the Secured Creditor's Motion, after the receiver was appointed, the receiver took steps to stabilize the hotel's operations. Among other things, the Receiver cleared occupancy tax and franchise fee arrearages, retained a management company to operate the property, and addressed numerous safety and operational deficiencies at the hotel.

13. The Receiver and the retained management company also undertook multiple remedial actions, including:

i. making payments to utilities providers (water, telephone, Internet);

ii. making payments to critical vendors and service providers;

iii. working to address fire code violations (cleared overgrown landscaping and debris, updated fire extinguishers, replaced rusted pipes, removed excess extension cords, corrected exposed electrical wiring, contacted vendors and local agencies to obtain quotes and evaluations);

iv. resolving "Fire Watch" status and fire systems violations, including securing

v. repairs and remediation of issues raised by City of Sherman Fire Marshal;

vi. paying over $29,000 to make installations and repairs to the dry fire system;

vii. paying over $18,000 to purchase and have set up and installed a fire monitoring system and compatible smoke detectors;

viii. fixing ceiling leaks in rooms that were uninhabitable before the receivership commenced;

ix. fixing ceiling leaks in electrical rooms;

x. obtaining quotes on roof repair and replacement of broken "Holiday Inn" sign;

xi. fixing all emergency lighting, three broken lights in parking lot;

xii. ordering and having door frames and discharge doors for laundry chutes installed; and

xiii. ordering and having "Riser Room" sign installed.

*See Secured Creditor's Motion* [ECF No. 17-17 ¶ 7].

14.     On March 5, 2026, the Debtor filed its response to the Secured Creditor's Motion (the "**Debtor's Response**"). *See* Debtor's Response [Dkt. 31].

15.     The Debtor's § 341 meeting of creditors is currently set for March 16, 2026.

16.     The Debtor remains in possession.

Administrative Requirements

17.     On March 5, 2026, the United States Trustee conducted an initial debtor interview ("**IDI**").

18.     The Debtor through its representative Mr .Jamal and attorney appeared at the IDI.

19.     The following IDI documents remain outstanding:

   a.   *Corrected Statements Regarding Compliance with 11 USC § 345(b)* form, i.e., the DIP Bank Designation form.

   b.   *Direction of Debtor Attorney Concerning U.S. Trustee Contact with Client*, i.e., the McDade Authorization form.

   c.   copies of the last two filed federal tax returns

   d.   information regarding the asset (vehicle) that was sold.

   e.   list of the outstanding and/or pending judgments/legal proceedings.

   f.   copy of the LLC Company Agreement.

20.     The following proofs of insurance remain outstanding:

   a.   Commercial General Liability

   b.   Property

   c.   Auto (Property & Liability)

   d.   Worker's Compensation.

21.     The following bank account documents remain outstanding:

---

    a.  Closing statement(s) for pre-petition bank account(s).[1]

    b.  A voided check, bank statement, or other bank document that shows the full bank account number of the DIP account.

22.    The United States Trustee's request that Debtor file an amended Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy [ECF No. 15] to reflect debtor's officers, directors managing members, general partners members in control, controlling shareholders, or other people in control of the debtor at the time of filing this case, also remains outstanding.

23.    As of this filing, the only proof of insurance provided to the United States Trustee is a force-placed hazard insurance by the Receiver, which is insufficient proof of insurance.

24.    To date, the Debtor has failed to produce any of these required documents.

## LEGAL ANALYSIS

### I.  Limited Role of Receiver

25.    "[A] receiver is the agent only of the court appointing him; he represents the court rather than the parties. He is custodian of property which is under the control of the court." *Ledbetter v. Farmers Bank & Trust Co.*, 142 F.2d 147, 150 (4th Cir. 1944).

26.    Upon the filing of the bankruptcy case, a receiver's "position and authority change[s]_from a state-law liquidator … to a federally superseded custodian of a bankruptcy estate." *Szwak v. Earwood (In re Bodenheimer, Jones, Szwak, & Winchell L.L.P.)*, 592 F.3d 664, 670 (5th Cir. 2009) *but see Adams v. Marwil (In re Bayou Group, LLC)*, 564 F.3d 541, 548 (2d Cir. 2009) (holding a federal district court appointed receiver was authorized by the terms of his appointment order to manage the debtors in bankruptcy and decided before *Szwak*).

---

[1] That is, after closing pre-petition bank account(s) and transferring balance(s) to DIP account(s) or converting pre-petition bank account(s) to DIP account(s).

27.    *Collier's on Bankruptcy* supports the Fifth Circuit's *Szwak* construction rather than the Second Circuit's *Bayou Group* construction. "The basic premise . . . that a 'continued' custodian under section 543(d) is the 'functional equivalent of a trustee' is flawed." 5 *Collier on Bankruptcy* ¶543.05, p. 543-18 (Alan N. Resnick et al. eds.,16th ed. 2013). Problems include:

a. The Bankruptcy Court's ability to modify a receivership order under the "full faith and credit" clause of the United States Constitution;

b. Determining whether the bankruptcy estate is coextensive with the receivership estate;

c. The standards for employing and paying professionals under the Receivership Order or the Bankruptcy Code;

d. Imposing the Bankruptcy Code's defined duties for a trustee or debtor-in-possession when the receivership order defines other duties; and

e. The fiduciary loyalties required under the Bankruptcy Code versus the duty to the state court imposed by the receivership order. *See id* (setting forth these concerns).

28.    "[A] receiver or trustee of any of the property of the debtor, appointed in a case . . . not under this title" is a "custodian." 11 U.S.C. § 101(11)(A). As a custodian, the receiver cannot "take any action in the administration of, property of the debtor . . . or property of the estate . . . except such action as is necessary to preserve such property." 11 U.S.C. § 543(a).

29.    Under the Bankruptcy Code, "a court may not appoint a receiver in a case under this title." 11 U.S.C. §105(b). "[T]he bankruptcy judge is prohibited from appointing a receiver under any circumstances. The Bankruptcy Code has ample provision for the appointment of trustees when needed. Any appointment of a receiver would simply circumvent the established procedures." H.R.Rep. No. 595, 95th Cong., 1st Sess. 316 (1977).

30.    Consistent with this directive, the Receiver must turn over "any property of the debtor held by or transferred to such custodian" to a trustee or the debtor-in-possession. 11 U.S.C. § 543(b)(1); cf. 11 U.S.C. §1107(a) (defining duties of debtor-in-possession as echoing those of a trustee).

31.     To permit Mr. Crunk to continue administering assets would be "the functional equivalent of the appointment of a receiver in the bankruptcy case, a result specifically proscribed by § 105(b) of the Bankruptcy Code." *In re Roxwell Performance Drilling, LLC,* No. 13-50301, slip op. at 8-9, 2013 WL 6799118, 2013 Bankr. LEXIS 5345 (Bankr. N.D. Tex. Dec. 20, 2013) (J. Jones). In *Roxwell,* a state court receiver filed a chapter 11 petition on behalf of a debtor and sought approval to proceed as debtor-in-possession under § 543(d). *Id.* at 1-2. The United States Trustee objected to the receiver's motion and sought appointment of a chapter 11 trustee. *Id.* at 2. The bankruptcy court sustained the United States Trustee's objection because the receiver's duties arose under state law, and not under the Bankruptcy Code. *Id.* at 6-8. The bankruptcy court then directed the United States Trustee to appoint a chapter 11 trustee to administer the estate.

## II. Cause Exists to Dismiss this Case

32.     Under § 1112(b), the Court "shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause. 11 U.S.C. §1112(b)(1).

### a. *Failure to maintain adequate insurance*

33.     Cause exists for dismissal when a debtor fails "to maintain appropriate insurance that poses a risk either to the estate or to the public." 11 U.S.C. § 1112(b)(4)(C). The Supreme Court has held that the estate may be liable for any damages resulting from negligence. *Reading Co. v. Brown,* 391 U.S. 471, 481 (1968). While *Reading Co. v. Brown* was decided under the old Bankruptcy Act, the Fifth Circuit has more recently cited to this case to support the principle that the estate may be liable for administrative costs incurred through a trustee's failure to act. *See, e.g., Texas v. Lowe (In re HLS Energy Co.)*, 151 F.3d 434 (5th Cir. 1998) (bankruptcy estate liable for costs state incurred when trustee did not plug wells).

34.    Local Bankruptcy Rule 2020-1 provides:

> The United States Trustee may from time to time publish and file with the Bankruptcy Clerk guidelines on matters such as insurance, operating reports, bank accounts and money of estates and other subjects pertaining to the administration of chapter 11 cases. Failure to comply with the requirements of these guidelines may constitute cause justifying the appointment of a trustee, or dismissal or conversion of the case pursuant to 11 U.S.C. § 1112(b).

35.    The United States Trustee's *Guidelines for Chapter 11 Cases* in the Northern & Eastern Districts of Texas - Region 6 require debtors to, among other things, file monthly operating reports; pay quarterly fees to the United States Trustees; and provide various documents to the United States Trustee, including proof of insurance coverage and copies of the two most recently filed tax returns. *See* U.S. Dep't of Just., Guidelines for Chapter 11 Cases: Operating Instructions and Reporting Requirements (the "**Guidelines**"), https://www.justice.gov/usdoj-media/ust/media/1337916/dl?inline (Feb. 8, 2024) at §§ VI, VII, XII.

36.    The Debtor does not maintain property or general liability insurance for the Property in the name of the Debtor, thus the estate is not protected.  This failure to maintain insurance is especially concerning given that the Debtor operates a hotel with overnight guests. The Debtor faces exposure from liabilities that could arise due to accident, personal injury, damage, theft or vandalism, and which exposure subjects the estate to potentially significant risk and losses.  Moreover, the Debtor already has sustained over $29,000 in property damage that had to be remedied by the Receiver as stated *supra*.  It is unclear if the Debtor has the financial ability to secure the insurance that is required to adequately protect the estate.

### b. *Failure to provide information reasonably requested by the United States Trustee*

37.    Cause exists for dismissal when a debtor fails to timely provide information or attend meetings reasonably requested by the United States Trustee. 11 U.S.C. § 1112(b)(4)(H).

38.     As of the time of this filing, despite repeated requests from the United States Trustee, the Debtor has not provided:

   a.  *Corrected Statements Regarding Compliance with 11 USC § 345(b)* form, i.e., the DIP Bank Designation form.

   b.  *Direction of Debtor Attorney Concerning U.S. Trustee Contact with Client*, i.e., the McDade Authorization form.

   c.  copies of the last two filed federal tax returns

   d.  information regarding the asset (vehicle) that was sold.

   e.  list of the outstanding and/or pending judgments/legal proceedings.

   f.  copy of the LLC Company Agreement.

   g.  closing statement(s) for pre-petition bank account(s).[2]

   h.  a voided check, bank statement, or other bank document that shows the full bank account number of the DIP account.

   i.  Amended Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy [ECF No. 15] to reflect debtor's officers, directors managing members, general partners members in control, controlling shareholders, or other people in control of the debtor at the time of filing this case.

39.     While it is early days in this case, the Debtor has failed to produce adequate insurance proof, in addition to numerous other documents and required information to the United States Trustee.  This is in part due to the Receiver's operation of the Property and the Debtor's lack of access to this information.  However, the only proof of insurance provided is a force placed hazard insurance by the Receiver, which is insufficient proof of insurance.  These delinquencies constitute cause for dismissal or conversion of this bankruptcy case under 11 U.S.C. § 1112(b)(4)(H).  *See also* Local Bankr. R. 2010-1 ("[f]ailure to comply with the requirements of

---

[2] That is, after closing pre-petition bank account(s) and transferring balance(s) to DIP account(s) or converting pre-petition bank account(s) to DIP account(s).

[UST] guidelines may constitute cause justifying the appointment of a trustee, or dismissal or conversion of the case pursuant to 11 U.S.C. § 1112(b)"). Cause exists to dismiss this case.

### III.    Cause Exists to Appoint a Trustee

40.    Section 1104 of the Bankruptcy Code provides that a court shall order the appointment of a trustee, at any time after the commencement of the case but prior to confirmation of a plan, on request of a party in interest or the U.S. Trustee, and after notice and a hearing

> (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or

> (2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

11 U.S.C. § 1104(a)(1), (2).

41.    "The appointment of a Chapter 11 trustee is an extraordinary remedy that requires a movant to meet their burden of proof by clear and convincing evidence." *In re Nat'l Rifle Ass'n of Am.*, 628 B.R. 262, 283 (Bankr. N.D. Tex. 2021) (citing *In re Patman Drilling Int'l, Inc.*, 2008 WL 724086, at *6 (Bankr. N.D. Tex. Mar. 14, 2008).

42.    Section 1104(a)(1) provides that "a creditor must prove the existence of fraud, dishonesty, incompetence or gross mismanagement of the affairs of the debtor by current management." *In re Parker Grande Dev., Inc.*, 64 B.R. 557, 561 (Bankr. S.D. Ind. 1986). Section 1104(a)(2) provides a "flexible standard" that allows courts to "utilize its broad equity powers to engage in a cost-benefit analysis in order to determine whether the appointment of a Trustee would be in the interests of creditors, equity security holders, and other interests of the estate." *Id.* "[T]he

analysis becomes one of whether the cost of appointing a Trustee is outweighed by the benefits derived by the appointment." *Id.*

43.     Courts have appointed trustees or examiners when conflicts of interest exist among a debtor's board members and where courts feel that the appointment of a trustee would be in the best interest of all parties. *See Cajun Elec. Power Cooperative, Inc. v. Central Louisiana Elec. Co., Inc. (In re Cajun Elec. Power Cooperative, Inc.)*, 69 F.3d 746, 747 (5th Cir. 1995) (Garza, J., dissenting), *adopted as majority opinion on reh'g*, 74 F.3d 599 (5th Cir. 1996).[3] In *Cajun Electric*, the Fifth Circuit affirmed the appointment of a trustee, in part, because the cooperative members were interested in purchasing part or all of Cajun Electric's assets. *Id.* at 751. The Fifth Circuit held that "a trustee may be the only effective way to pursue reorganization" when the management has cross-purposes. *Id.*

44.     Cause exists for the appointment of a chapter 11 trustee in light of the limitations of the custodian to act as a fiduciary in a bankruptcy case and because the debtor cannot exercise the powers and perform the duties of a trustee as a debtor-in-possession. Appointing a chapter 11 trustee will serve the "interests of creditors" by assuring that the fiduciary duties and powers of a trustee are exercised by an officer clearly empowered by the bankruptcy court.

---

[3] Although *Cajun Electric* applied a clear and convincing standard of proof for the appointment of a trustee (69 F. 3d at 749), the United States Trustee contends that preponderance of the evidence is the correct standard of proof. The Supreme Court consistently has held that the presumptive standard of proof in civil cases is preponderance of the evidence unless there is contrary Congressional direction or a fundamental right is implicated. *See, e.g., Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1934 (2016) (analyzing section 284 of the Patent Act, 35 U.S.C. § 284); *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 557 (2014) (analyzing section 285 of the Patent Act, 35 U.S.C. § 285); *Grogan v. Garner*, 498 U.S. 279, 286 (1991) (analyzing section 523 of the Bankruptcy Code, 11 U.S.C. § 523); *Herman & MacLean v. Huddleston*, 459 U.S. 375, 389-90 (1983) (analyzing section 10 of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b)). *Grogan* is consistent with the Court's subsequent decisions in *Halo* and *Octane*, which reiterate that the preponderance standard is generally applicable in civil cases like this one. *See Halo*, 136 S. Ct. at 1934; *Octane*, 34 S. Ct. at 1758.

### *Appointing a Chapter 11 Trustee Serves the Best Interest of Creditors*

45.     "Since no section of the Code includes a receiver who remains in possession within the definition of trustee, the receiver does not take on the obligations and duties of a Chapter 11 trustee nor the somewhat different ones of a debtor-in- possession. Simply put the receiver has absolutely no responsibility . . . to perform any other duties which are the prerogative and burden of a debtor-in-possession and a trustee." *In re 400 Madison Ave. Ltd. Partnership*, 213 B.R. 888 (Bankr. S.D.N.Y. 1997).

46.     Appointing a chapter 11 trustee ensures all parties that Bankruptcy Code duties and powers are performed and exercised by a properly empowered person. This resolution "is in the interests of creditors." 11 U.S.C. §1104(a)(2). The "interests of creditors" standard is flexible. *In re Marvel Entertainment Group, Inc.,* 140 F.3d 463, 474 (3d Cir. 1998).

47.     The creditors have an interest in having this case resolved cost-effectively and efficiently.  Potential litigation about the Receiver's standing may increase costs, delay case administration, and undermine public confidence in the efficacy of the bankruptcy process.

48.     Furthermore, the Receiver's appointment cannot remove the Bankruptcy Court's obligation to establish proper fiduciary controls in accordance with the requirements of the Bankruptcy Code. The appointment of a chapter 11 trustee avoids standing and procedural issues. The appointment of a chapter 11 trustee will remove any doubt over the authority of the person administering the estate and furthers the interests of creditors.

## CONCLUSION

Wherefore, the United States Trustee respectfully requests the following relief:

(1) An order directing appointment of a chapter 11 trustee for Debtor under 11 U.S.C. § 1104; or

(2) An order dismissing case under 11 U.S.C. § 1112(b); and

(3) Any further relief to which the United States Trustee may be entitled.

Dated: March 11, 2026

Respectfully submitted,

LISA L. LAMBERT
UNITED STATES TRUSTEE

*/s/ Asher M. Bublick*
Asher M. Bublick
Texas State Bar No. 24113629
Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, Texas 75242
(214) 767-8967
asher.bublick@usdoj.gov

## CERTIFICATE OF CONFERENCE

I certify that on March 11, 2026, I conferred with Joyce Lindauer, counsel for the Debtor regarding the relief sought herein. Ms. Lindauer responded that Debtor is opposed.

*/s/ Asher Bublick*
Asher Bublick

## CERTIFICATE OF SERVICE

I certify that on March 11, 2026, that I sent a copy of the forgoing document via ECF and, on March 12, 2026, via first class United States mail to the following and the attached service list:

*/s/ Asher M. Bublick*
Asher M. Bublick

Paul M. Lopez
Abernathy, Roeder, Boyd & Hullett, P.C.
1700 Redbud Blvd.,Suite 300
McKinney, TX 75069

John Kendrick Turner
Linebarger Goggan Blair & Sampson,
LLP
3500 Maple Avenue,Suite 800
Dallas, TX 75219

Rebecca J. Marston
110 North Wacker Drive, Suite 3400
Chicago, IL 60606

Joyce W. Lindauer
Joyce W. Lindauer Attorney, PLLC
117 S. Dallas Street
Ennis, TX 75119

Label Matrix for local noticing
0539-3
Case 26-30498-sgj11
Northern District of Texas
Dallas
Wed Mar 11 16:37:54 CDT 2026

City of Sherman
Abernathy, Roeder, Boyd & Hullett, P.C.
1700 Redbud Blvd., Suite 300
McKinney, TX 75069-3276

Grayson County
Linebarger Goggan Blair & Sampson, LLP
c/o John Kendrick Turner
3500 Maple Avenue
Suite 800
Dallas, TX 75219-3959

Holiday Hospitality Franchising, LLC
Alston & Bird LLP
c/o Douglas J. Harris
350 South Grand Avenue, 51st Fl.
Los Angeles, CA 90071-3406

Sherman De LLC
2209 Regency Dr.
Irving, TX 75062-4911

1100 Commerce Street
Room 1254
Dallas, TX 75242-1305

AT&T
PO Box 5019
Carol Stream, IL 60197-5019

American Elevator Technologies
5652 FM 124
Beckville, TX 75631-3030

American Quick Foods, Inc
PO Box 7188 Overland Park
Overland Park, KS 66207-0188

Attorney General of Texas
Bankruptcy Div
PO Box 12548
Austin, TX 78711-2548

Blaney Electric
2984 1st St.
La Verne, CA 91750-5675

City of Sherman
Abernathy, Roeder, Boyd & Hullett, P.C.
1700 Redbud Blvd., Suite 300
McKinney, Texas 75069-3276

City of Sherman
PO Box 1106
Sherman, TX 75091-1106

(p)COMMTRAK
17493 NASSAU COMMONS BLVD
LEWES DE 19958-6283

Complete Communication Solution
PO Box 2734
Sherman, TX 75091-2734

(p)TEXAS COMPTROLLER OF PUBLIC ACCOUNTS
REVENUE ACCOUNTING DIV - BANKRUPTCY SECTION
PO BOX 13528
AUSTIN TX 78711-3528

Dodson Plumbing, LLC
PO Box 3152
Sherman, TX 75091-3152

Edward Brown Distributors
3236 Irving Blvd
Dallas, TX 75247-6007

Expedia
1111 Expedia Group Way W.
Seattle, WA 98119-1111

HD Supply Facilities Maintenance Ltd.
PO Box 509058
San Diego, CA 92150-9058

HSI Hotels America, Inc
4760 Preston Rd Ste 244-191
Frisco, TX 75034-8548

INTERCONTINENTAL HOTELS GROUP
PO Box 101074
Atlanta, GA 30392-1074

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
Mail Code DAL-5020
1100 Commerce Street
Dallas, TX 75242-1100

John R. Hardin
Perkins Coie LLP
500 N. Akard St., Suite 3300
Dallas, TX 75201-3347

My Lawn Guy LLC
603 S Maxey St
Sherman, TX 75090-6933

North Star Fire Protection
4616-1 W. Howard Lane Ste 150
Austin, TX 78728

Oracle America
PO Box 203448
Dallas, TX 75320-3448

Ovation Network Inc.
3100 Oakland Road NE Ste A
Cedar Rapids, IA 52402-4043

Pestico Pest Center
1594 Whitaker Rd
Van Alstyne, TX 75495-2896

PlayNetwork, Inc.
PO Box 21550
New York, NY 10087-1550

Prestige Elevator Services, LLC
2515 Tarpley Rd Ste 104
Carrollton, TX 75006-3301

Quore
PO Box 6843
Carol Stream, IL 60197-6843

R Smith Enterprises
523 Dickens Circle
Sherman, TX 75090

Royal Cup Coffee
PO Box 841000
Dallas, TX 75284-1000

SYSCO North Texas, Inc
PO Box 560700
The Colony, TX 75056-0700

ScentAir Technologies LLC
PO Box 978754
Dallas, TX 75397-8754

Scott Crunk
GF Hotels & Resorts
1628 JFK Blvd., Suite 2300
Philadelphia, PA 19103-2128

Sherman Chamber of Commerce
PO Box 1029
Sherman, TX 75091-1029

Six Continents Hotels, Inc.
Intercontinental Hotels Group
PO Box 101074
Atlanta, GA 30392-1074

Sysco Guest Supply
PO Box 6771
Somerset, NJ 08875-6771

T&C Pest Solutions
PO Box 944
Paris, TX 75461-0944

Texas Comptroller
PO Box 12157
Austin, TX 78711-2157

Texas Workforce Commission
101 East 15th Street Room 354
Austin, TX 78778-0001

Texoma Fire Equipment Inc
PO Box 594
Sherman, TX 75091-0594

The Cawley Company
PO Box 2110
Manitowoc, WI 54221-2110

U.S. Trustee's Office
1100 Commerce Street Room 976
Dallas, TX 75242-1011

US Atty General
10th and Constitution Ave., NW
Main Justice Bldg. Room 5111
Washington, DC 20530-0001

Uline
12575 Uline Dr
Pleasant Prairie WI 53158-3686

United States Trustee
1100 Commerce Street
Room 976
Dallas, TX 75242-0996

Verizon
PO Box 15043
Albany, NY 12212-5043

Versacor
PO Box 93809
Southlake, TX 76092-0117

Wells Fargo Bank
PO Box 63020
San Francisco, CA 94163-9991

Wendover Art Group
6465 126th Avenue
Largo, FL 33773-1832

Worldvue Connect, Inc
PO Box 733288
Dallas, TX 75373-3288

Joyce W. Lindauer
Joyce W. Lindauer Attorney, PLLC
117 S. Dallas Street
Ennis, TX 75119-4744

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Commtrak
17493 Nassau Commons
Lewes, DE 19958

Comptroller of Public Accts
Revenue Acctg Div Bankruptcy Sec
PO Box 13528
Austin, TX 78711

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Wells Fargo Bank, N.A. as Trustee

(u)Wells Fargo Bank, National Association, as

(u)CPR

(d)Grayson County
Linebarger Goggan Blair & Sampson, LLP
c/o John Kendrick Turner
3500 Maple Avenue
Suite 800
DALLAS, TX 75219-3959

(u)Priceline
36 Robinson Rd #20-01
City House06887

(d)Uline
12575 Uline Dr
Pleasant Prairie, WI 53158-3686

End of Label Matrix
Mailable recipients    55
Bypassed recipients     6
Total                  61